```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 16-CV-21700-SEITZ
                                     (09-CR-20523-SEITZ)
                              MAGISTRATE JUDGE P. A. WHITE
```

MICHAEL DE JESUS HUARTE,       :

    Movant,                    :            REPORT OF
                                                           MAGISTRATE JUDGE
v.                             :

UNITED STATES OF AMERICA,      :

    Respondent.                :
_____

## I. Introduction

This matter is before the Court on the Movant's *pro se* motion to vacate pursuant to United States Code Title 28, Section 2255, attacking his sentence in case number 09-CR-20523-SEITZ.

The Court has referred the matter to the undersigned for consideration and report pursuant to United States Code Title 28, Section 636(b)(1)(B) and the Rules Governing Section 2255 Cases in the United States District Courts. (Cv-DE# 3).

Before the Court for review are the motion to vacate (Cv-DE# 1), supporting memorandum (Cv-DE# 4), the PSI, and all pertinent portions of the underlying criminal file and the file in case number 11-CV-20295-SEITZ.[1] No order to show cause has been issued because, on the face of the record, it is evident Movant is entitled to no relief. See Rule 4(b), Rules Governing Section 2255 Proceedings ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party

---

[1] See Fed. R. Ev. 201.

1

is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

## II. Claims

Construing the *pro se* Movant's arguments liberally, he appears to raise the following claims in his Section 2255 motion to vacate:

1. Counsel was ineffective for misadvising the Movant to pled guilty to inaccurate facts that led to a role enhancement; and

2. Counsel was ineffective for failing to object to factual misstatements in the PSI and at sentencing.

(Cv-DE# 1).

## III. Procedural History

The relevant procedural history is as follows. The Movant was charged along with seven co-defendants in a Medicare fraud conspiracy. The counts pertaining to the Movant are: Counts (1) and (2), conspiracy to commit health care fraud; Counts (3) through (10), health care fraud; Counts (11) through (16), money laundering; Counts (17) through (20), aggravated identity theft. (Cr-DE# 107). He pled guilty to Counts (1), (2), (11), and (17), in exchange for the Government's dismissal of the remaining counts. See (Cr-DE# 164). The Court accepted the guilty plea and sentenced the Movant to a total of 264 months' imprisonment (120 months as to Counts (1) and (2), concurrent; 120 months as to Count (11), consecutive, and twenty-four months as to Count (17), consecutive), followed by a total of three years of supervised release, and $18,333,187.58 in restitution. (Cr-DE# 227). He did not appeal.

The Movant filed a Section 2255 motion to vacate through counsel on January 26, 2011, that was opened in civil case number

11-CV-20295-SEITZ. (Cr-DE# 244). Counsel filed a motion to voluntarily dismiss the motion to vacate without prejudice on April 22, 2012. (11-20295 DE# 11). The Court ordered the Government to file a response to the motion for voluntary dismissal on April 23, and on April 25, 2012, Movant's counsel filed an amended notice for voluntary dismissal **with prejudice** that the Government did not oppose. (11-20295 DE# 12, 13, 14). The Court entered an order of final dismissal **with prejudice** on April 26, 2012. (11-20295 DE# 15).

The Movant filed the instant *pro se* motion to vacate on May 10, 2016.

## IV. Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires that:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A).

Although the statute does not define "second or successive," Eleventh Circuit precedent establishes that an earlier motion must be denied with prejudice to render a later motion second or successive. Wilson v. Mukasey, 290 Fed. Appx. 271 (11th Cir. 2008) (citing McIver v. United States, 307 F.3d 1327, 1330 (11th Cir. 2002), Dunn v. Singletary, 168 F.3d 440, 441 (11th Cir. 1999)). When an earlier habeas corpus petition was dismissed without prejudice, a later petition is not "second or successive" for purposes of § 2244(b). Dunn, 168 F.3d at 441. The Section 2244(b)

inquiry as to whether a petition is second or successive "must focus on the substance of the prior proceedings – on what actually happened." Id. (scrivener's error indicating that the prior petition had been dismissed without prejudice was not controlling).

A three-judge panel of the court of appeals may authorize a second or successive application only if it presents a claim not previously raised that either: (a) relies on a new retroactive rule of constitutional law that was previously unavailable; or (b) for which the factual predicate could not have been previously discovered through the use of due diligence and the facts underlying the claim would establish by clear and convincing evidence that no reasonable fact finder would have found the petitioner guilty but for the constitutional error. 28 U.S.C. § 2244(b)(2)(A), (B)(I)-(ii); 2244(b)(3)(B). If a petitioner files a second or successive habeas petition without first seeking permission from the appellate court, however, the District Court is "without jurisdiction to entertain it." Burton v. Stewart, 549 U.S. 147, 153 (2007).

The Movant's prior motion to vacate in case number 11-CV-20295-SEITZ, was voluntarily dismissed with prejudice. (11-20295 DE# 15). His present contention that the voluntary dismissal was without prejudice, (Cv-DE# 1 at 2), is mistaken. Therefore, the dismissal in case number 11-CV-20295-SEITZ counts as a merits determination for purposes of Section 2255(h). See generally Candelario v. Warden, 592 Fed. Appx. 784, 785 n.1 (11th Cir. 2014) (noting that "a second petition is successive if the first was denied or dismissed with prejudice...."). The Movant did not seek permission to file the instant motion to vacate from the Eleventh Circuit, therefore, the Court lacks jurisdiction and the instant case should be dismissed.

4

If the Movant intends to pursue this case, he should forthwith apply to the United States Eleventh Circuit Court of Appeals for the authorization required by Section 2244(b)(3)(A). The Movant will be provided with a form to apply for such authorization with this report. Under the circumstances of this case it does not appear that either a direct transfer of the case to the Court of Appeals pursuant to Section 1631 or a stay of the present case would be appropriate. See generally Guenther v. Holt, 173 F.3d 1328 (11th Cir. 1999).

## V. Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2255, Rule 11(a). A timely notice of appeal must be filed even if the court issues a certificate of appealability. 28 U.S.C. § 2255, Rule 11(b).

After review of the record, the undersigned finds no substantial showing of the denial of a constitutional right as to movant's claims. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (habeas petitioner must demonstrate reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues were adequate to deserve encouragement to proceed further). Therefore, it is recommended that the Court deny a certificate of appealability in its final order. If there is an objection to this recommendation by either party, that party may bring this argument

to the attention of the District Judge in objections to this report.

## VI. Conclusion

Based on the foregoing, it is recommended that the motion to vacate be dismissed for lack of jurisdiction, a certificate of appealability not be issued, and this case be closed.

Objections to this report, including any objection with regards to the recommendation regarding the certificate of appealability, may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 18th day of May, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

(ENCLOSURE)

cc:   Michel De Jesus Huarte
      82411-004
      Coleman Low
      Federal Correctional Institution
      Inmate Mail/Parcels
      Post Office Box 1031
      Coleman, FL 33521
      PRO SE

      Christopher Barrett Browne
      United States Attorney's Office
      Southern District of Florida
      99 Northeast Fourth Street, 6th Floor
      Miami, FL 33132-2111